IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION OF CONSUMER ADVOCATES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>David Uejio, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:20-cv-11141-JCB |

## JOINT STIPULATION OF FACTS

To narrow the issues presented before the Court during summary judgment briefing, the parties hereby stipulate to the following facts:

1. Defendants created and operated the Taskforce on Federal Consumer Financial Law ("Taskforce") in a manner that did not comply with requirements that apply to advisory committees under the Federal Advisory Committee Act ("FACA").

2. Defendants did not create the Taskforce in a manner that complied with FACA's pre-chartering requirements. In particular:

    a. Defendants did not make formal findings concerning whether (1) the Taskforce is "in the public interest in connection with the performance of duties imposed on that agency by law," 5 U.S.C. App. 2 § 9(a)(2); (2) the Taskforce is "essential to the conduct of agency business," 41 C.F.R. § 102-3.30(a); and (3) "the information to be obtained [through the Taskforce] is not already available through another advisory committee or source within the Federal Government." *Id.*

    b. Defendants did not meaningfully consult with the General Services Administration in the manner that would be required if 5 U.S.C. App. 2 § 9(a)(2) and 41 C.F.R. § 102-3.60(a) applied.

    c.    Defendants did not prepare a "plan to attain fairly balanced membership" on the Taskforce in the manner that would be required if 41 C.F.R. § 102-3.60(a), (b)(3) applied.

3.    Defendants did not hold Taskforce meetings in a manner that would have complied with the following requirements if they applied:

    a.    Defendants did not ensure that "[e]ach [Taskforce] meeting [was] open to the public." 5 U.S.C. App. 2 § 10(a)(1).

    b.    Defendants did not provide "timely notice of each such meeting . . . in the Federal Register." 5 U.S.C. App. 2 § 10(a)(2).

    c.    Defendants did not permit "interested persons to . . . attend, appear before, or file statements with [the Taskforce]." 5 U.S.C. § 10(a)(3); 41 C.F.R. § 102-3.140(c), (d).

    d.    Defendants did not ensure that "[e]ach [Taskforce] meeting [was] held at a reasonable time and in a manner or place reasonably accessible to the public." 41 C.F.R. § 102-3.140(a).

4.    Defendants did not make "available for public inspection" all the "records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by [the Taskforce]." 5 U.S.C. App. 2 § 10(b).

In light of these stipulations, there are two remaining merits issues before the Court. The first is whether the Taskforce was constituted in such a matter that it was subject to FACA's requirements. This includes the question whether the Taskforce falls within FACA's exemption for advisory committees that are "composed wholly of full-time, or permanent part-time, officers or employees of the Federal Government[.]" 5 U.S.C. App. 2 § 3(2). The second is whether the Taskforce was "fairly balanced in terms of the points of view represented and the functions to be performed." 5 U.S.C. App. 2 § 5(b)(2), (c); 41 C.F.R. § 102-3.30(c).

To aid the Court in its review of the remaining merits questions, and to avoid unnecessary contested motions practice, Defendants have agreed that Plaintiffs may submit, and Defendants

will not object to, Plaintiffs' motion to supplement the record with the following documents for the Court's consideration:[1]

1. The February 5, 2020 letter sent to Defendants by U.S. Senators Warren and Brown regarding the Taskforce.

2. Defendants' February 19, 2020 letter and addendum responding to the Senators' February 5, 2020, letter.

3. The following offer emails and letters for Taskforce members:

    a. The January 10, 2020 email to Howard Beales with the subject line "Job Offer Letter for Expert (Taskforce Member), CN-0301-71," along with two attachments: a January 10, 2020 "Official Offer Letter" and the "CFPB Ethics Office – Notice to Prospective CFPB Employee."

    b. The January 10, 2020 email to Thomas Durkin with the subject line "Job Offer Letter for Expert (Taskforce Member), CN-0301-71," along with two attachments: a January 9, 2020 "Official Offer Letter" and the "CFPB Ethics Office – Notice to Prospective CFPB Employee."

    c. The January 13, 2020 email to Jean Noonan with the subject line "Job Offer Letter for Expert (Taskforce Member), CN-0301-71," along with two attachments: a January 13, 2020 "Official Offer Letter" and the "CFPB Ethics Office – Notice to Prospective CFPB Employee."

    d. The January 14, 2020 email to William MacLeod with the subject line "Offer for Expert Appointment - Macleod," along with a January 15, 2020 "Official Offer Letter."

4. The following appointment emails and letters for Taskforce members:

    a. The January 9, 2020 email to Howard Beales with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – J. Howard Beales._111.pdf."

    b. The January 9, 2020 email to Thomas Durkin with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – Thomas Durkin.pdf."

---

[1] To allow Plaintiffs sufficient time to review the listed documents and prepare their motion for summary judgment, Plaintiffs have filed, and the Court has granted, an unopposed motion to extend the briefing schedule by three weeks.

    c.    The January 9, 2020 email to Jean Noonan with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – Jean Noonan.pdf."

    d.    The January 9, 2020 email to Todd Zywicki with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – Todd Zywicki.pdf."

5.    The following correspondence with, and documents sent to, the Taskforce members discussing the terms of their employment, the nature of their appointments, and ethics considerations related to their hiring:

    a.    The December 16, 2019 email sent by CFPB employee Amber Vail to William MacLeod with the subject line "Re: William C. MacLeod – OGE Form 450."

    b.    The December 18, 2019 email (with attachments) sent by CFPB employee Amber Vail to William MacLeod with the subject line "Some Additional Information."

    c.    The December 20, 2019 email (with attachments) by CFPB employee Amber Vail to Jean Noonan and her colleague Ryan Stinneford with the subject line "Information Related to Ms. Noonan's Potential Employment to the Bureau's Taskforce."

    d.    The December 14, 1999 OGE opinion entitled "99 x 24."

    e.    The August 1, 1983 OLC opinion entitled "Restrictions on Federal Appointee's Continued Employment by a Private Law Firm."

    f.    The October 28, 1993 OLC opinion entitled "Applicability of the Emoluments Clause to Non-Government Members of ACUS."

    g.    The January 2, 2020 email sent by CFPB employee Amber Vail to William MacLeod with the subject line "Re: William C. MacLeod – OGE Form 450."

    h.    The January 9, 2020 email thread between Todd Zywicki and CFPB employee Matt Cameron discussing how Mr. Zywicki should track the days on which he works for the Bureau.

    i.    The January 12, 2020 email thread between Todd Zywicki and CFPB employee Matt Cameron with the subject line "Regarding your recent appointment to the Taskforce on Federal Consumer Financial Law."

j.     The orientation emails sent to the Taskforce members on January 9 and 16, 2020, with the subject line "Regarding your recent appointment to the Taskforce on Federal Consumer Financial Law."

6. The following ethics agreements, Taskforce Service Member Agreements, and memoranda of understanding (MOU) signed by the Taskforce members:

   a. The January 29, 2020 ethics agreement signed by Thomas Durkin.

   b. The February 5, 2020 ethics agreement signed by William MacLeod.

   c. The February 6, 2020 ethics agreement signed by Howard Beales.

   d. The February 10, 2020 ethics agreement signed by Todd Zywicki.

   e. The MOU signed by William MacLeod and attached to an email he sent on January 15, 2020, with the subject line "Official Offer Letter."

   f. Taskforce Service Member Agreements that were attached to orientation emails sent to the Taskforce members on January 9, 2020, with the subject lines "Regarding your recent appointment to the Taskforce on Federal Consumer Financial Law."[2]

7. The following internal agency emails and documents discussing the nature and hiring of the Taskforce members' appointments, as well as related ethics considerations:

   a. The December 30, 2019 email from Yasaman Sutton to Amber Vail with the subject line "Waiver Consultation – [redacted]."

   b. The January 2, 2020 email from Kerri Dunham to Kate Fulton with the subject line "Zywicki and Taskforce Update."

   c. The January 8, 2020 email from Nathaniel Webber to Kerri Dunham with the subject line "Taskforce hiring status confirmation."

   d. The January 9, 2020 email from then-Director Kathleen Kraninger to all CFPB employees with the subject line "Happy New Year, Taskforce on Federal Consumer Financial Law, etc."

   e. The January 29, 2020 email from Matt Cameron to Yasaman Sutton with the subject line "Re: Taskforce Compensation."

---

[2] These agreements are unsigned; the Bureau was unable to locate signed versions or to determine whether the Taskforce members ever signed the agreements.

8. The following internal agency emails and documents related to the applications the Bureau received from candidates interested in serving on the Taskforce.

    a. The October 19, 2019 email from Matt Cameron to Andrew Duke with the subject line "For the Director."

    b. The application package from Professor Prentiss Cox, including his October 25, 2019 cover letter and c.v.

    c. The November 26, 2019 email from Professor Kathleen Engel to then-Director Kathleen Kraninger with the subject line "Interview for Position on Task Force on Consumer Law."

Dated: July 30, 2021

                                              Respectfully submitted,

                                              */s/ Kristen P. Miller*
                                              Kristen Miller (D.C. Bar No. 229627)*
                                              John Lewis (D.C. Bar No. 1033826)*
                                              Sean Lev (D.C. Bar No. 449936)*
                                              Democracy Forward Foundation
                                              P.O. Box 34553
                                              Washington, DC 20043
                                              (202) 601-2483
                                              kmiller@democracyforward.org
                                              jlewis@democracyforward.org
                                              slev@democracyforward.org

                                              David A. Nicholas (BBO# 553996)
                                              Of Counsel
                                              Wolf Popper LLP
                                              20 Whitney Road
                                              Newton, MA 02460
                                              (617) 964 - 1548
                                              dnicholas@wolfpopper.com

                                              *Counsel for Plaintiffs*
                                              **Pro Hac Vice*

STEPHEN VAN METER
Acting General Counsel

STEVEN Y. BRESSLER
Acting Deputy General Counsel

CHRISTOPHER DEAL
Senior Litigation Counsel

/s/ *Lawrence DeMille-Wagman*
LAWRENCE DEMILLE-WAGMAN
Senior Litigation Counsel
Phone: 202-435-7957
E-mail: lawrence.demille-wagman@cfpb.gov

Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, D.C. 20552
*Counsel for Defendants*