IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION OF CONSUMER ADVOCATES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> David Uejio, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:20-cv-11141-JCB |

## UNOPPOSED MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiffs National Association of Consumer Advocates, United States Public Interest Research Group, and Kathleen Engel respectfully move this Court to supplement the Administrative Record with the attached Supplemental Administrative Record, composed of the documents listed below. *See* Ex. A. Plaintiffs have conferred with opposing counsel, who do not oppose this motion. *See also* Joint Stipulation at 2-3, ECF No. 54 ("Defendants will not object to Plaintiffs' motion to supplement the record with the following documents for the Court's consideration.").

The Administrative Procedure Act mandates that "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The "whole record" means "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Cousins v. Sec'y of the U.S. Dep't of Transp.*, 880 F.2d 603, 610 (1st Cir. 1989) (quoting *Citizens to*

*Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). The following materials are properly part of the administrative record because they were before Defendants at the time the Bureau made the decision to create and operate the Taskforce in a manner that did not comply with the requirements of the Federal Advisory Committee Act ("FACA"). *See Beyond Nuclear v. Dep't of Energy*, 233 F.Supp.3d 40, 47 (D.C. Cir. 2017) (citations omitted) ("[The] record includes 'all documents and materials that the agency directly or indirectly considered' before deciding what action to take.").

These documents also belong in the record because they contain information that will help the Court to determine whether the Taskforce was subject to FACA's requirements and, if so, whether it was fairly balanced as FACA requires. *See* 5 U.S.C. App. 2 § 3(2) (defining the scope of advisory committees subject to FACA); *id.* § 5(b)(2) (establishing the fairly balanced requirement). *See also, e.g.*, *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 997 F.2d 898, 915–16 (D.C. Cir. 1993) (record was "insufficient" where court was unable to "confidently decide whether the working group is a FACA committee"); *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F.Supp.2d 16, 30–31 (D.D.C. 2002) ("further factual development" was needed where the record did not contain the information "necessary to resolve the question of whether and how FACA is applicable to the NEPDG").

Accordingly, Plaintiffs respectfully request that the Court grant their motion and treat the attached Supplemental Administrative Record as part of the record before the Court. The Supplement Administrative Record contains the following documents:

1. The February 5, 2020, letter sent to Defendants by U.S. Senators Warren and Brown regarding the Taskforce. Ex. A at 095.[1]

2. Defendants' February 19, 2020, letter and addendum responding to the Senators' February 5, 2020, letter. *Id.* at 099.

3. The following offer emails and letters for Taskforce members:

    a. The January 10, 2020 email to Howard Beales with the subject line "Job Offer Letter for Expert (Taskforce Member), CN-0301-71," along with two attachments: a January 10, 2020 "Official Offer Letter" and the "CFPB Ethics Office – Notice to Prospective CFPB Employee." *Id.* at 105.

    b. The January 10, 2020 email to Thomas Durkin with the subject line "Job Offer Letter for Expert (Taskforce Member), CN-0301-71," along with two attachments: a January 9, 2020 "Official Offer Letter" and the "CFPB Ethics Office – Notice to Prospective CFPB Employee." *Id.* at 110.

    c. The January 13, 2020 email to Jean Noonan with the subject line "Job Offer Letter for Expert (Taskforce Member), CN-0301-71," along with two attachments: a January 13, 2020 "Official Offer Letter" and the "CFPB Ethics Office – Notice to Prospective CFPB Employee." *Id.* at 115.

    d. The January 14, 2020 email to William MacLeod with the subject line "Offer for Expert Appointment - Macleod," along with a January 15, 2020 "Official Offer Letter." *Id.* at 120.

4. The following appointment emails and letters for Taskforce members:

    a. The January 9, 2020 email to Howard Beales with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – J. Howard Beales._111.pdf." *Id.* at 124.

    b. The January 9, 2020 email to Thomas Durkin with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – Thomas Durkin.pdf." *Id.* at 127.

---

[1] The Bates numbers in the Supplemental Administrative Record continue the numbering from the administrative record filed on May 5, 2021. Because the last page of the original record is numbered 094, the first page of the Supplemental Administrative Record is numbered 095.

  c.  The January 9, 2020 email to Jean Noonan with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – Jean Noonan.pdf." *Id.* at 130.

  d.  The January 9, 2020 email to Todd Zywicki with the subject line "Appointment letter from Director Kraninger," along with the attachment "Taskforce Appointment Letter – Todd Zywicki.pdf." *Id.* at 133.

5. The following correspondence with, and documents sent to, the Taskforce members discussing the terms of their employment, the nature of their appointments, and ethics considerations related to their hiring:

  a.  The December 16, 2019 email sent by CFPB employee Amber Vail to William MacLeod with the subject line "Re: William C. MacLeod – OGE Form 450." *Id.* at 137.

  b.  The December 18, 2019 email sent by CFPB employee Amber Vail to William MacLeod with the subject line "Some Additional Information." *Id.* at 140.

  c.  The December 20, 2019 email by CFPB employee Amber Vail to Jean Noonan and her colleague Ryan Stinneford with the subject line "Information Related to Ms. Noonan's Potential Employment to the Bureau's Taskforce." *Id.* at 144.

  d.  The December 14, 1999 OGE opinion entitled "99 x 24." *Id.* at 148.

  e.  The August 1, 1983 OLC opinion entitled "Restrictions on Federal Appointee's Continued Employment by a Private Law Firm." *Id.* at 154.

  f.  The October 28, 1993 OLC opinion entitled "Applicability of the Emoluments Clause to Non-Government Members of ACUS." *Id.* at 159.

  g.  The January 2, 2020 email sent by CFPB employee Amber Vail to William MacLeod with the subject line "Re: William C. MacLeod – OGE Form 450." *Id.* at 169.

  h.  The January 9, 2020 email thread between Todd Zywicki and CFPB employee Matt Cameron discussing how Mr. Zywicki should track the days on which he works for the Bureau. *Id.* at 170.

  i.  The January 12, 2020 email thread between Todd Zywicki and CFPB employee Matt Cameron with the subject line "Regarding your recent appointment to the Taskforce on Federal Consumer Financial Law." *Id.* at 171.

  j. The orientation emails sent to the Taskforce members on January 9 and 16, 2020, with the subject line "Regarding your recent appointment to the Taskforce on Federal Consumer Financial Law." *Id.* at 172.

6. The following ethics agreements, Taskforce Service Member Agreements, and memoranda of understanding (MOU) signed by the Taskforce members:

  a. The January 29, 2020 ethics agreement signed by Thomas Durkin. *Id.* at 184.

  b. The February 5, 2020 ethics agreement signed by William MacLeod. *Id.* at 186.

  c. The February 6, 2020 ethics agreement signed by Howard Beales. *Id.* at 188.

  d. The February 10, 2020 ethics agreement signed by Todd Zywicki. *Id.* at 190.

  e. The MOU signed by William MacLeod and attached to an email he sent on January 15, 2020 with the subject line "Official Offer Letter." *Id.* at 192.

  f. Taskforce Member Service Agreements that were attached to orientation emails sent to the Taskforce members on January 9, 2020, with the subject lines "Regarding your recent appointment to the Taskforce on Federal Consumer Financial Law." *Id.* at 195.[2]

7. The following internal agency emails and documents discussing the nature and hiring of the Taskforce members' appointments, as well as related ethics considerations:

  a. The December 30, 2019 email from Yasaman Sutton to Amber Vail with the subject line "Waiver Consultation – [redacted]." *Id.* at 207.

  b. The January 2, 2020 email from Kerri Dunham to Kate Fulton with the subject line "Zywicki and Taskforce Update." *Id.* at 208.

  c. The January 8, 2020 email from Nathaniel Webber to Kerri Dunham with the subject line "Taskforce hiring status confirmation." *Id.* at 209.

---

[2] These agreements are unsigned; the Bureau was unable to locate signed versions, or to determine whether the Taskforce members ever signed the agreements.

      d.      The January 9, 2020 email from then-Director Kathleen Kraninger to all CFPB employees with the subject line "Happy New Year, Taskforce on Federal Consumer Financial Law, etc." *Id.* at 210.

      e.      The January 29, 2020 email from Matt Cameron to Yasaman Sutton with the subject line "Re: Taskforce Compensation." *Id.* at 212.

8.      The following internal agency emails and documents related to the applications the Bureau received from candidates interested in serving on the Taskforce:

      a.      The October 29, 2019 email from Matt Cameron to Andrew Duke with the subject line "For the Director." *Id.* at 214.

      b.      The application package from Professor Prentiss Cox, including his October 25, 2019 cover letter and c.v. *Id.* at 215.

      c.      The November 26, 2019 email from Professor Kathleen Engel to then-Director Kathleen Kraninger with the subject line "Interview for Position on Task Force on Consumer Law." *Id.* at 226.

Dated: August 2, 2021

Respectfully submitted,

*/s/ Kristen P. Miller*

| | |
|---|---|
| David A. Nicholas (BBO# 553996) | Kristen Miller (D.C. Bar No. 229627)* |
| Of Counsel | John Lewis (D.C. Bar No. 1033826)* |
| Wolf Popper LLP | Sean Lev (D.C. Bar No. 449936)* |
| 20 Whitney Road | Democracy Forward Foundation |
| Newton, MA 02460 | P.O. Box 34553 |
| (617) 964 - 1548 | Washington, DC 20043 |
| dnicholas@wolfpopper.com | (202) 601-2483 |
| | kmiller@democracyforward.org |
| *Counsel for Plaintiffs* | jlewis@democracyforward.org |
| | slev@democracyforward.org |
| | *Counsel for Plaintiffs* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION OF CONSUMER ADVOCATES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>David Uejio, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:20-cv-11141-JCB |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' unopposed motion to supplement the administrative record, it is hereby **ORDERED** that the motion is GRANTED.

It is further ordered that the Supplemental Administrative Record shall be treated as part of the administrative record before the Court.

It is so **ORDERED**.

Dated: _____    _____

                                                                                                             The Honorable Judge Jennifer C. Boal
                                                                                                              United States Magistrate Judge