IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION OF CONSUMER ADVOCATES, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DAVID UEJIO, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al., <br><br> *Defendants*. | No. 1:20-cv-11141 (JCB) |

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Upon consideration of Plaintiffs' motion for summary judgment, it is hereby **ORDERED** that the motion is **GRANTED**. The Court hereby **DECLARES** that Defendants violated the Federal Advisory Committee Act ("FACA") and its implementing regulations by creating and operating the Taskforce on Federal Consumer Financial Law (the "Taskforce") without complying with FACA's requirements.

Defendants are hereby **ENJOINED** to:

1. Refrain from using any advice or recommendations from the Taskforce at any time in the future, including the Taskforce on Federal Consumer Financial Law Report, *available at* https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureaus-taskforce-on-federal-consumer-financial-law-releases-its-report/ (the "Report"). If Defendants have already proposed action that relies on such advice, Defendants must withdraw that proposal.

1

2.  Amend the Taskforce's Report to include a disclaimer indicating that the report was produced in violation of FACA. Specifically:

   a.  On the cover pages of both Volumes I and II, Defendants will include a warning label that reads in bold red font: "This report was produced in violation of the Federal Advisory Committee Act as explained on page 1 of this volume."

   b.  In both Volumes I and II, Defendants will insert a new page 1 entitled "Disclaimer – Federal Advisory Committee Act Violations." The body of that page will read:

This report was produced in violation of the Federal Advisory Committee Act ("FACA"). As a task force established and utilized by the Bureau "in the interest of obtaining advice or recommendations," the Taskforce on Federal Financial Consumer Law was an advisory committee subject to FACA. 5 U.S.C. App. 2 § 3(2). Accordingly, the Bureau was required to comply with FACA.

Among other things, FACA required the Bureau to:

   a.  Consult with the General Services Administration ("GSA") prior to chartering the Taskforce regarding why the Taskforce was essential to the conduct of the Bureau's business and why the Taskforce's functions could not be performed by other means, 5 U.S.C. App. 2 § 9(a)(2); 41 C.F.R. § 102-3.60;
   b.  Describe to the GSA the Bureau's plan to attain a Taskforce membership that was fairly balanced in terms of the points of view represented and the functions to be performed by the Taskforce, *id.*;
   c.  Determine as a matter of formal record—after consultation with the GSA and before chartering the Taskforce—that the Taskforce was in the public interest in connection with the performance of the Bureau's duties, 5 U.S.C. App. 2 § 9(a);
   d.  Ensure that the Taskforce membership was fairly balanced in the manner described above, *id.* 2 § 5(b)(2), (c);
   e.  Hold the Taskforce's meetings open to the public, *id.* § 10(a)(1); and
   f.  Make the Taskforce's records available for public inspection, *id.* § 10(a)(3)(b).

Because none of these requirements were met, a federal court has concluded that the Taskforce was created and operated in violation of FACA. For the same reasons, this report was produced in violation of FACA. The Bureau has therefore been enjoined from using any of the advice or recommendations contained herein.

3. Within thirty days of the date of this order, Defendants must release all Taskforce records to Plaintiffs and make those records publicly available on the Taskforce's webpage, consistent with the CFPB's practice for other advisory committees.

    a. Taskforce records include all "records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee." 5 U.S.C. App. 2 § 10(a)(3)(b). This includes any communications among the members, as well as personal notes and other preparatory material of Taskforce members that were shared with other members for the Taskforce's consideration.

    b. Defendants will provide a *Vaughn* index for any documents that have been fully withheld from production or redacted in part under exemptions provided by the Freedom of Information Act.

4. Within thirty days of the date of this order, the parties will submit a joint status report concerning Defendants' compliance with this order.

It is so **ORDERED**.

Dated: _____          _____
                                                                              The Honorable Judge Jennifer C. Boal
                                                                              United States Magistrate Judge