**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATIONAL ASSOCIATION OF CONSUMER ADVOCATES, *et al.*, <br><br>        *Plaintiffs*, <br><br>      v. <br><br> ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau, *et al.,* <br><br>        *Defendants*. | Civil Action No. 1:20-cv-11141-JCB |

## STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER

WHEREAS Plaintiffs have filed this action against Defendants challenging the creation and operation of the Taskforce on Federal Consumer Financial Law ("Taskforce") under the Federal Advisory Committee Act ("FACA"); and

WHEREAS this Court denied Defendants' Partial Motion to Dismiss for lack of jurisdiction on February 25, 2021; and

WHEREAS the parties agree that Defendants violated FACA when they established the Taskforce, that Defendants' operation of the Taskforce violated FACA's requirements, and that the Taskforce's Report was not produced by a FACA-compliant advisory committee; and

WHEREAS the parties have reached a settlement agreement requiring Defendants to release all Taskforce records, amend the Taskforce's final report to include a disclaimer making clear that Defendants violated FACA when they created and operated the Taskforce, move the

Taskforce webpage to the Advisory Committees Page, and issue a press release notifying the public of this settlement; and

WHEREAS continuing this litigation would be costly to all parties involved and the decision by the district court would be subject to appeal by the losing parties with the final outcome uncertain; and

WHEREAS the parties believe that settlement of this action is in their best interests and best serves the interests of the public;

NOW THEREFORE Plaintiffs and Defendants enter into this Stipulated Settlement Agreement ("the Agreement"), stipulate that it constitutes the full and complete resolution of the issues raised in this action, and agree to the following, and the Court orders as follows:

## I.  VIOLATION OF THE FEDERAL ADVISORY COMMITTEE ACT

1.    The Parties[1] hereby stipulate that the Taskforce was subject to FACA because it was "established" and "utilized" by the Bureau "in the interest of obtaining advice or recommendations." 5 U.S.C. App. 2 § 3(2); *See* Charter of the Bureau's Taskforce on Federal Consumer Financial Law ¶ 3 (Jan. 8, 2020) (directing the Taskforce to report recommendations for ways to improve and strengthen consumer financial laws and regulations).

2.    The Parties also stipulate that the Defendants failed to comply with FACA's requirements in establishing and operating the Taskforce, as detailed further below in Part IV.

## II.  RELEASE OF RECORDS

3.    By January 17, 2022, Defendants will begin releasing, on a rolling basis, all Taskforce records to Plaintiffs. Defendants will complete production by March 22, 2022.

---

[1] The term "party" or "parties" shall apply to Defendants and Plaintiffs.

2

4.     Defendants will also make those records available to the public on the Taskforce webpage, consistent with the Bureau's practice for other advisory committees subject to FACA. *See, e.g.*, Consumer Advisory Board, https://www.consumerfinance.gov/rules-policy/advisory-committees/consumer-advisory-board/ (last visited Nov. 29, 2021) (providing access to the Consumer Advisory Boards' records).

5.     Consistent with the FACA's requirements, Taskforce records consist of all records that would have been made public if the Defendants had complied with FACA's requirements, *i.e.*, "records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by" the Taskforce. *See* 5 U.S.C. App. 2 § 10(b).

6.     Defendants will provide a Vaughn index for any documents that have been fully withheld from production or redacted in part under exemptions provided by the Freedom of Information Act.[2]

## III.    REPORT DISCLAIMER

7.     By January 17, 2022, Defendants will amend the Taskforce's Final Report, which consists of two volumes, to include a disclaimer indicating that the report was produced in violation of FACA and the statements set forth in paragraph 9, below.[3]

8.     On the cover pages of both Volumes I and II, Defendants will include a prominent warning label that reads in bold red font: "This report was produced in violation of the Federal

---

[2] A Vaughn index is an index that "specifically describes withheld or redacted documents and explains why each withheld record is exempt from disclosure." *Campaign for Responsible Transplantation v. FDA*, 219 F. Supp. 2d 106, 111 (D.D.C. 2002).

[3] The Final Report was issued on January 5, 2021 and is currently available at https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureaus-taskforce-on-federal-consumer-financial-law-releases-its-report/.

Advisory Committee Act as explained on page i of this volume and should not be relied on as a product of a FACA-compliant federal advisory committee."

9.      In both Volumes I and II, Defendants will insert a new page i entitled "Disclaimer – Federal Advisory Committee Act Violations."  The body of that page will read:

  a.  "This report was produced in violation of the Federal Advisory Committee Act ('FACA'). As a task force established and utilized by the Bureau in the interest of obtaining advice or recommendations, the Taskforce on Federal Financial Consumer Law was an advisory committee subject to FACA. 5 U.S.C. App. 2 § 3(2). Among other things, FACA required the Bureau to:

  i.  Consult with the General Services Administration ('GSA') prior to chartering the Taskforce regarding why the Taskforce was essential to the conduct of the Bureau's business and why the Taskforce's functions could not be performed by other means, 5 U.S.C. App. 2 § 9(a)(2); 41 C.F.R. § 102-3.60;

  ii.  Describe to the GSA the Bureau's plan to attain a Taskforce membership that was fairly balanced in terms of the points of view represented and the functions to be performed by the Taskforce, *id.*;

  iii.  Determine as a matter of formal record—after consultation with the GSA and before chartering the Taskforce—that the Taskforce was in the public interest in connection with the performance of the Bureau's duties, 5 U.S.C. App. 2 § 9(a);

iv.  Ensure that the Taskforce membership was fairly balanced in the manner described above, 5 U.S.C. App. 2 § 5(b)(2), (c);

v.  Hold the Taskforce's meetings open to the public, 5 U.S.C. App. 2 § 10(a)(1); and

vi.  Make the Taskforce's records available for public inspection, *id.* § 10(b).

b.  Because none of these requirements were met, the Taskforce was created and operated in violation of FACA. For the same reason, this report was produced in violation of FACA.

c.  Accordingly, the Bureau advises that this report should not be relied on as the product of a federal advisory committee that was established or operated in compliance with FACA. Adhering to FACA's requirements 'ensure[s] that advisory committees are fairly constituted and properly monitored so that they will provide sound advice." *Cummock v. Gore*, 180 F.3d 282, 291 (D.C. Cir. 1999). Because the Taskforce did not comply with FACA's requirements, readers should not assume that the report provides 'sound advice.'"

## IV.  TASKFORCE WEBPAGE

10.  By January 17, 2022, Defendants will move the Taskforce webpage—currently located under the Rules & Policy Page[4]—to the Advisory Committees Page, which houses the webpages for the Bureau's other advisory committees.[5]

---

[4] At the time of this agreement, the Taskforce webpage is located at https://www.consumerfinance.gov/rules-policy/taskforce-federal-consumer-financial-law/.

[5] *See* https://www.consumerfinance.gov/rules-policy/advisory-committees/.

11.     By January 17, 2022, Defendants will include a prominent disclaimer on the Taskforce webpage advising that the Taskforce was created and operated in violation of FACA's requirements. That disclaimer will read:

> a.   "Following an internal review, the Bureau has concluded that the Taskforce on Federal Consumer Financial Law was subject to, and was not operated in compliance with, the Federal Advisory Committee Act. The Taskforce's final report therefore should not be relied upon as a product of a federal advisory committee that was established or operated in compliance with FACA. Further information regarding the Bureau's violations of the Act can be found on page i of the Taskforce Report."

12.     Defendants will ensure that any links to the Taskforce Report on its website, including in prior press releases, are directed to the amended report.

13.     Defendants will remove the current version of the report from its website. However, this agreement will not bar Defendants from complying with their Freedom of Information Act ("FOIA") regulations, which require them, among other things, to post the original report in their FOIA reading room if it is requested three times. *See* 12 C.F.R. § 1070.11(c).

## V.     PRESS RELEASE

14.     By January 17, 2022, Defendants will issue a press release, the content of which will be drafted solely by Defendants, notifying the public of the settlement of this action.

## VI.    ATTORNEYS FEES

15.     The parties shall bear their own costs and fees.

## VII.    CERTIFICATION OF COMPLIANCE AND JURISDICTION

16.    Defendants will certify to the Court and Plaintiffs their compliance with settlement terms in the form of status reports. Defendants will file the first status report on or before January 31, 2022 and will file subsequent reports on the last business day of every other month until Defendants have come into full compliance with the provisions set forth in paragraphs 3-4, 6-14 of this agreement.

17.    The parties stipulate that the provisions of this Stipulated Settlement Agreement and Order shall be enforceable by the Court upon motion by either party for seven years from the entry of this document on the Court's docket.

Dated: November 29, 2021

Respectfully submitted,

*/s/ Kristen P. Miller*
Kristen Miller (D.C. Bar No. 229627)*
John Lewis (D.C. Bar No. 1033826)*
Sean Lev (D.C. Bar No. 449936)*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 601-2483
kmiller@democracyforward.org
jlewis@democracyforward.org
slev@democracyforward.org

David A. Nicholas (BBO# 553996)
Of Counsel
Wolf Popper LLP
20 Whitney Road
Newton, MA 02460
(617) 964 - 1548
dnicholas@wolfpopper.com

*Counsel for Plaintiffs*

SETH FROTMAN
Acting General Counsel

STEVEN Y. BRESSLER
Acting Deputy General Counsel

KRISTIN BATEMAN
Acting Assistant General Counsel

CHRISTOPHER DEAL
Senior Litigation Counsel

/s/ *Lawrence DeMille-Wagman*
LAWRENCE DEMILLE-WAGMAN
Senior Litigation Counsel
Phone: 202-435-7957
E-mail: lawrence.demille-wagman@cfpb.gov

Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, D.C. 20552
*Counsel for Defendants*

It is so **ORDERED**.

Dated: _____

_____

The Honorable Judge Jennifer C. Boal
United States Magistrate Judge

8