IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION OF CONSUMER ADVOCATES; UNITED STATES PUBLIC INTEREST RESEARCH GROUP; and KATHLEEN ENGEL,<br><br>Plaintiffs,<br><br>v.<br><br>ROHIT CHOPRA, in his official capacity as the Director of the Consumer Financial Protection Bureau; and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants. | Case No. 1:20-cv-11141 |

## DEFENDANTS' FIRST STATUS REPORT

Consistent with paragraph 16 of the parties' Stipulated Settlement Agreement (Agreement), which the Court entered and approved on December 6, 2021 (ECF No. 68), the Consumer Financial Protection Bureau and its Director in his official capacity respectfully submit their First Status Report detailing the Bureau's compliance with the terms of the Agreement.

1. Under paragraph 3 of the Agreement, the Defendants were required by January 17, 2022, to begin releasing to Plaintiffs, on a rolling basis, Taskforce records.

2. Consistent with its obligation under paragraph 3 of the Agreement, the Bureau has begun releasing Taskforce records to Plaintiffs. On January 14, 2022, the Bureau released approximately 180 documents to Plaintiffs, and on January 26, 2022, the Bureau released approximately 200 additional documents.

3. Under paragraphs 7-8 of the Agreement, Defendants were required by January 17, 2022, to amend the Taskforce's Final Report, which consists of two volumes, to include on the cover of both volumes of the Report a prominent warning label in bold red font that reads as follows: "This report was produced in violation of the Federal Advisory Committee Act as explained on page i of this volume and should not be relied on as a product of a FACA-compliant federal advisory committee."

4. Consistent with their obligation under paragraphs 7-8 of the Agreement, on January 14, 2022, Defendants amended the Taskforce's Final Report to include the required warning label on the cover of both volumes. *See* https://files.consumerfinance.gov/f/documents/cfpb_taskforce-federal-consumer-financial-law_report-volume-1_2022-01_amended.pdf; https://files.consumerfinance.gov/f/documents/cfpb_taskforce-federal-consumer-financial-law_report-volume-2_2022-01_amended.pdf.

5. Under paragraph 9 of the Agreement, Defendants were required by January 17, 2022, to insert a new page i in both volumes of the Report entitled "Disclaimer - Federal Advisory Committee Act Violations." That page must read as follows:

> "a. This report was produced in violation of the Federal Advisory Committee Act ('FACA'). As a task force established and utilized by the Bureau in the interest of obtaining advice or recommendations, the Taskforce on Federal Financial Consumer Law was an advisory committee subject to FACA. 5 U.S.C. App. 2 § 3(2). Among other things, FACA required the Bureau to:
>
> > i. Consult with the General Services Administration ('GSA') prior to chartering the Taskforce regarding why the Taskforce was essential to the conduct of the Bureau's business and why the Taskforce's functions could not be performed by other means, 5 U.S.C. App. 2 § 9(a)(2); 41 C.F.R. § 102-3.60;
> >
> > ii. Describe to the GSA the Bureau's plan to attain a Taskforce membership that was fairly balanced in terms of the points of view represented and the functions to be performed by the Taskforce, *id.*;

      iii. Determine as a matter of formal record – after consultation with the GSA and before chartering the Taskforce – that the Taskforce was in the public interest in connection with the performance of the Bureau's duties, 5 U.S.C. App. 2 § 9(a);

      iv. Ensure that the Taskforce membership was fairly balanced in the manner described above, 5 U.S.C. App. 2 § 5(b)(2), (c);

      v. Hold the Taskforce's meetings open to the public, 5 U.S.C. App. 2 § 10(a)(1); and

      vi. Make the Taskforce's records available for public inspection, *id*. § 10(b).

"b. Because none of these requirements were met, the Taskforce was created and operated in violation of FACA. For the same reason, this report was produced in violation of FACA.

"c. Accordingly, the Bureau advises that this report should not be relied on as the product of a federal advisory committee that was established or operated in compliance with FACA. Adhering to FACA's requirements 'ensure[s] that advisory committees are fairly constituted and properly monitored so that they will provide sound advice.' *Cummock v. Gore*, 180 F.3d 282, 291 (D.C. Cir. 1999). Because the Taskforce did not comply with FACA's requirements, readers should not assume that the report provides 'sound advice.'"

6. Consistent with their obligation under paragraph 9 of the Agreement, on January 14, 2022, Defendants amended the Taskforce's Final Report to insert a new page i in both volumes of the Report. *See* https://files.consumerfinance.gov/f/documents/cfpb_taskforce-federal-consumer-financial-law_report-volume-1_2022-01_amended.pdf; https://files.consumerfinance.gov/f/documents/cfpb_taskforce-federal-consumer-financial-law_report-volume-2_2022-01_amended.pdf.

7. Under paragraph 10 of the Agreement, Defendants were required by January 17, 2022, to move the Taskforce webpage – which had been located under the Rules & Policy Page – to the

Advisory Committees Page, which houses the webpages for the Bureau's other advisory committees.

8. Consistent with their obligation under paragraph 10 of the Agreement, on January 14, 2022, Defendants relocated the Taskforce webpage to the Advisory Committee Page. *See* https://www.consumerfinance.gov/rules-policy/advisory-committees/.

9. Under paragraph 11 of the Agreement, Defendants were required by January 17, 2022, to include a prominent disclaimer on the Taskforce webpage advising that the Taskforce was created and operated in violation of FACA's and stating as follows:

> "a. Following an internal review, the Bureau has concluded that the Taskforce on Federal Consumer Financial Law was subject to, and was not operated in compliance with, the Federal Advisory Committee Act. The Taskforce's final report therefore should not be relied upon as a product of a federal advisory committee that was established or operated in compliance with FACA. Further information regarding the Bureau's violations of the Act can be found on page i of the Taskforce Report."

9. Consistent with their obligation under paragraph 11 of the Agreement, on January 14, 2022, Defendants amended the Taskforce webpage to include the disclaimer required by that paragraph. *See* https://www.consumerfinance.gov/rules-policy/advisory-committees/taskforce-federal-consumer-financial-law/.

10. Under paragraph 12 of the Agreement, Defendants were required to ensure that any links to the Taskforce Report on the Bureau's website, including in prior press releases, are directed to the Report as amended pursuant to paragraphs 7-9 of the Stipulated Settlement Agreement.

11. Consistent with their obligation under paragraph 12 of the Agreement, Defendants have ensured that as of January 14, 2022, any links to the Taskforce Report on the Bureau's

website are directed to the Report as amended pursuant to paragraphs 7-9 of the Stipulated Settlement Agreement.

12. Under paragraph 13 of the Agreement, Defendants are required to remove from the Bureau's website any version of the Report that lacks either the warning required by paragraphs 7-8 of the Agreement or the new page i required by paragraph 9 of the Agreement.[1]

13. Consistent with their obligation under paragraph 13 of the Agreement, Defendants have ensured that at present any version of the Report on the Bureau's website includes the warning required by paragraphs 7-8 of the Agreement and the new page i required by paragraph 9 of the Agreement.

14. Under paragraph 14 of the Agreement, Defendants are required to issue a press release notifying the public of the settlement of this action.

15. Consistent with Defendants' obligation under paragraph 14 of the Agreement, on January 14, 2022, the Bureau issued a press release notifying the public of the settlement of this action. *See* https://www.consumerfinance.gov/about-us/newsroom/cfpb-announces-settlement-regarding-the-2019-taskforce-on-federal-consumer-financial-law/.

---

[1] Paragraph 13 of the Agreement does not preclude the Bureau in the future from posting an original version of the Report in the Bureau's Freedom of Information Act reading room, to the extent that the Bureau is required to do so pursuant to the Bureau's Freedom of Information Act regulations.

| | |
|---|---|
| Dated: January 31, 2022 | Respectfully submitted, |
| | SETH FROTMAN<br>Acting General Counsel |
| | STEVEN Y. BRESSLER<br>Acting Deputy General Counsel |
| | KRISTIN BATEMAN<br>Acting Assistant General Counsel |
| | CHRISTOPHER DEAL<br>Senior Litigation Counsel |
| | s/ *Lawrence DeMille-Wagman*<br>LAWRENCE DEMILLE-WAGMAN<br>Senior Litigation Counsel<br>Phone: 202-435-7957<br>e-mail: lawrence.demille-wagman@cfpb.gov |
| | Consumer Financial Protection Bureau<br>1700 G Street, N.W.<br>Washington, D.C. 20552 |
| | Counsel for Defendants |